UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
JUAN ONOFRE ESCANO,

                          Plaintiff,

           -against-                      18cv1191

COMMISSIONER OF SOCIAL SECURITY,    MEMORANDUM & ORDER

                          Defendant.
------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Plaintiff pro se Juan Onofre Escano seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental social security income.

        In April 2014, Escano, a former taxi driver, protectively filed an application for supplemental Social Security income due to purported disabilities. His application was declined, and he requested a hearing, which took place on July 28, 2016. Escano and a vocational expert testified at the hearing. On February 9, 2017, an Administrative Law Judge ("ALJ") denied Escano benefits, holding that he was not disabled under § 1614(a)(3)(A) of the Social Security Act. In doing so, the ALJ applied the five-step analysis set forth in 20 C.F.R. § 416.920(a) to determine whether Escano was disabled. Ultimately, the ALJ found that Escano had the residual functional capacity to perform "light work" and that he had a skill of "driving" which could be transferred to another occupation, namely a domestic services driver. (See Admin. Record, ECF No. 10 ("Record"), at 36.) The Appeals Council affirmed the ALJ's decision, and Escano appealed to this Court.

This Court referred the matter to Magistrate Judge Stewart D. Aaron for a Report and Recommendation. On August 24, 2018, the Commissioner moved for judgment on the pleadings. Escano did not file an opposition. On February 11, 2019, Magistrate Judge Aaron issued a Report & Recommendation (the "Report"), recommending that this Court deny the Commissioner's motion and remand for calculation of benefits, or in the alternative, for further development of the factual record.

The Report found that (1) the ALJ erred in concluding that driving was a transferable skill; (2) the ALJ erred in determining Escano's residual functional capacity because he failed to (a) explain why evidence of nonexertional limitations did not impact Escano's ability to work as a driver and (b) adequately develop the record to include opinion evidence from Escano's treating physicians and comply with the treating physician rule; and (3) even if driving were a transferable skill, the matter should be remanded for further factual findings with respect to how other occupations are relevant and similar to taxi driving. (R. & R., ECF No. 18 (the "Report"), at 17–28.) The Commissioner timely filed objections to the Report. (ECF No. 19 ("Objections").)

This Court has reviewed the Objections and sustains them in part and overrules them in part.

### DISCUSSION

I.      Legal Standards

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo the portions of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at

*2 (S.D.N.Y. Sept. 14, 2016). In order to warrant de novo review, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation and quotation mark omitted). Conclusory or general objections are only entitled to clear error review. Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

A Commissioner's determination regarding a claimant's disability may be set aside "if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Carter, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

II. The Commissioner's Objections

The Commissioner's blanket reference to the motion papers "in further objection to the remaining aspects" of the Report does not suffice to invoke de novo review. (Objections at 4.) Indeed, it is "improper . . . to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted). Accordingly, this Court reviews those portions of the Report not addressed by the two specific objections for clear error. See George, 221 F. Supp. 3d at 433; Jones v. Heath, 2012 WL 2673649, at *2 (S.D.N.Y. July 5, 2012) (conducting clear error review where objector "'simply reiterates his original arguments,' incorporating his memorandum only by a passing reference" (citation omitted)).

3

The Commissioner also offers a generic objection to the Report's recommendation that the matter be remanded for further development of the record. The magistrate judge made this recommendation because the ALJ failed to seek the opinion of Escano's treating physicians and failed to comply with the "treating physician rule." But the Objections advance the non-sequitur that the record was adequately developed because Escano was represented by counsel during the administrative proceedings and the ALJ left the record open for three weeks following the hearing. Because these vague assertions are not "specific and clearly aimed at particular findings in the magistrate judge's proposal," they are subject only to clear error review. George, 221 F. Supp. 3d at 433 (citation and quotation mark omitted); Pineda, 831 F. Supp. 2d at 671.[1]

On the other hand, Commissioner specifically objects to the Report's determinations that driving is not a transferable skill and that the ALJ erred in determining Escano's residual functional capacity because he failed to explain why evidence of nonexertional limitations did not impact Escano's ability to work as a driver. This Court reviews those objections de novo.

   A. Transferability of Driving

Under the Medical-Vocational Guidelines, a claimant who does not have a transferable skill is classified as disabled. See 20 C.F.R. part 404, subpart P, App'x 2, Rules

---

[1] Even if these Objections were specific, the facts that the record was held open and that a claimant was represented by counsel do not alone satisfy the ALJ's duty to develop the record. See Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (finding that ALJ did not fulfill her duty to develop the record and explaining that the duty "exists even when . . . the claimant is represented by counsel"); Jones v. Comm'r of Soc. Sec., 2018 WL 6190432, at *3 (W.D.N.Y. Nov. 28, 2018) (explaining that ALJ did not adequately develop the record with respect to treating physicians even though the record was held open after a hearing); Simmons v. Colvin, 2016 WL 1255725, at *18 (E.D.N.Y. Mar. 28, 2016) (holding that ALJ did not sufficiently develop the record despite keeping it open in a case where claimant had counsel); Ayer v. Astrue, 2012 WL 381784, at *6 (D. Vt. Feb. 6, 2012) (holding ALJ did not adequately develop record even though it was kept open).

202.02, 202.03. The ALJ found that Escano had only one transferable skill—driving—which precluded a disabled classification. However, the Report concluded that driving was <u>not</u> a transferable skill as a matter of law, and because Escano had no other transferable skills, he was disabled. See Report at 17; 20 C.F.R. § 416.920(a).

The magistrate judge relied on several sources to conclude that driving was not a transferable skill. First, the Report cited Social Security Ruling 82-41, which held that "[t]ransferability of skills is not usually found from" occupations ranking "[a]t the lower level of semiskilled work . . . like those of a chauffeur." SSR 82-41, 1982 WL 31389, at *3 (Feb. 26, 1979). Second, the Report deferred to the Social Security Administration's Program Operations Manual System ("POMS"), which explains that "basic driving ability is not a skill." Program Operations Manual System ("POMS"), DI 25015.017 Transferability of Skills Assessment, *available at* https://secure.ssa.gov/poms.nsf/lnx/0425015017 (last visited March 19, 2019).

The Commissioner counters that the relevant regulation states that "we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is <u>so similar to your previous work that you would need to make very little, if any, vocational adjustment</u> in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 416.968(d)(4). Therefore, because the work conducted by a taxi and domestic services driver is "so similar," driving is a transferable skill. The Commissioner further points out that the Dictionary of Occupational Titles identifies both taxi drivers and domestic services drivers as semi-skilled. See U.S. Dep't of Labor, Dictionary of Occupational Titles ("DICOT") 913.463-108, 1991 WL 687825 (4th ed. rev. 1991); DICOT 359.973-010, 1991 WL 672966. Finally, the Commissioner maintains that SSR 82-41 merely states that driving skills are <u>usually</u> not transferable—not that they are <u>per se</u> not transferable.

In addition, the Commissioner argues that the POMS section that the Report cites did not become effective until June 21, 2017, four months after the ALJ issued his written opinion. However, courts rely on an agency's interpretations of regulations at the time of district court review. See Lopez v. White Plains Hous. Auth., 355 F. Supp. 1016, 1021 (S.D.N.Y. 1972) (applying current interpretation of a regulation because "it would be absurd to apply the regulation as it was originally interpreted for the purpose of trial, only to have the Court of Appeals apply the regulation as now interpreted for the purposes of appeal").

Even so, the Commissioner argues that while the POMS is given substantial deference, it should be relied on only to the extent they are consistent with the applicable statutes and regulations. See Lopes v. Dep't of Soc. Servs., 696 F.3d 180, 186 (2d Cir. 2012) ("We have held that POMS guidelines are entitled to substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute. But we have declined to defer to the POMS where the plain language of the statute and its implementing regulation do not permit the construction contained within the manuals." (quotation marks and citation omitted)).

Ultimately, this Court finds that driving could be a transferable skill. As discussed, for this Court to set aside the Commissioner's determination regarding Escano's disability, it must find "the decision [wa]s based on legal error." Shaw, 221 F.3d at 131. Here, even if the POMS applied, they conflict with the regulations and are not entitled to deference. See Lopes, 696 F.3d at 186. The spirit of the regulations is to find a claimant another occupation without the need for him to retrain or learn new skills. Indeed, the applicable regulation explains:

> What we mean by transferable skills. We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work

6

> activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs.

20 C.F.R. § 416.968(d)(1). Because the ALJ found that taxi driving and domestic services driving were "so similar . . . that [one] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry," he properly concluded that driving was transferable. 20 C.F.R. § 416.968(d)(4). In addition, the Commissioner correctly points out that SSR 82-41 is equivocal. Moreover, several courts in this circuit have held that driving is a transferable skill, albeit before the recent POMS update. See Ramirez ex rel. Zetino v. Astrue, 2012 WL 372011, at *24 (E.D.N.Y. Feb. 3, 2012) (affirming ALJ's determination that driving was transferable); Todman v. Astrue, 2009 WL 874222, at *15 (S.D.N.Y. Mar. 30, 2009) (same); Pinckney v. Astrue, 2009 WL 750061, at *7 (E.D.N.Y. Mar. 17, 2009) (same).

However, the Report found that even if this Court held that driving could be a transferable skill, the ALJ erred because "he did not make adequate findings regarding the vocational adjustment required to transition from Escano's previous work as a taxi driver to that of a driver for domestic services." (Report at 20.) The Commissioner did not object to this portion of the Report. This Court finds no clear error with that recommendation and therefore accepts it. Accordingly, this matter shall be remanded and "the ALJ should make specific findings regarding the job duties and work settings of the relevant jobs to determine what, if any, vocational adjustment would be required." (Report at 21.)

B. Nonexertional Limitations

The Commissioner also objects to the Report's contention that the ALJ erred in determining Escano's residual functional capacity because he failed to explain why evidence of

nonexertional limitations did not impact Escano's ability to work as a driver. Specifically, the Commissioner argues that Magistrate Judge Aaron did not review the ALJ's decision as a whole.

A residual functional capacity "assessment must address both the remaining exertional and nonexertional capacities of the individual." SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996). "Exertional" capacity relates to physical strength and abilities to perform the demands of sitting, standing, walking, lifting, carrying, pushing, and pulling. SSR 96-8P, 1996 WL 374184, at *5. On the other hand, "nonexertional" capacity relates to "all work-related limitations and restrictions that do not depend on an individual's physical strength; i.e., all physical limitations and restrictions that are not reflected in the seven strength demands, and mental limitations and restrictions." SSR 96-8P, 1996 WL 374184, at *6. This includes an individual's postural, manipulative, visual, communicative, and mental abilities, as well as his ability to tolerate environmental factors. See SSR 96-8P, 1996 WL 374184, at *6.

While the ALJ did not address all nonexertional limitations in the section of the decision analyzing residual functional capacity, he discussed them throughout his decision. See Cosgrove v. Barnhart, 2004 WL 1171772, at *6 (S.D.N.Y. May 6, 2004) (explaining that ALJ properly considered nonexertional limitations because "the ALJ's written decision as a whole mad[e] it clear that the ALJ made specific determinations of fact on the record"); Irizarry v. Callahan, 1998 WL 556157, at *9 (S.D.N.Y. Aug. 31, 1998) (reading the ALJ decision "as a whole" on review). For instance, the ALJ considered that Escano complained of headaches, but found that the "record is devoid of any evidence that the claimant's headaches caused any functional limitations." (Record at 30.) The ALJ also observed that while Escano was diagnosed with "benign essential hypertension," his "blood pressure was noted as close to goal with no complications." (Record at 30.) And the ALJ found that, "although [Escano] alleged

8

cognitive problems associated with Parkinson's disease[,] . . . on neurological examination [Escano] was alert and oriented with complete independence in all activities of daily living and self-care." (Record at 31; see also Record at 33 (finding that despite allegations of a right-hand tremor, there was no "weakness or numbness" and he "reported improved symptoms with medication").)

Simply put, the ALJ found that "the record as a whole is devoid of any other evidence that [Escano's] hypertension, headaches, diabetic retinopathy, and cognitive deficits [] had more than a minimal effect on his ability to perform basic work activities or caused any significant symptomology." (Record at 31.) These considerations are precisely those that the Report found the ALJ should have made. (See Report at 22 (explaining that the ALJ should have considered Escano's symptoms of "hypertension, headaches, retinopathy, loss of memory and hand tremors")). Accordingly, this Court finds that the ALJ properly considered Escano's nonexertional limitations in determining his residual functional capacity.

C. General Objections

This Court has reviewed the balance of the Report and finds that it is not clearly erroneous. See 28 U.S.C. § 636(b)(1)(C). Accordingly, this Court accepts the Report's recommendations that this matter should be remanded to the ALJ for (1) "specific findings regarding the job duties and work settings of the relevant jobs [(taxi driving and domestic services driving)] to determine what, if any, vocational adjustment would be required" in transferring Escano's skill of driving; (2) further development of the record with regard to opinions from Escano's treating physicians; and (3) an explanation of "good reasons" the ALJ accorded little weight to Escano's treating physicians.

9

CONCLUSION

For the foregoing reasons, the Commissioner's Objections are sustained in part and overruled in part. Therefore, the Commissioner's motion for judgment on the pleadings is denied and this matter is remanded for further proceedings consistent with this Memorandum & Order. The Clerk of Court is directed to terminate the motion pending at ECF No. 13, mail a copy of this Memorandum & Order to Escano, and mark this case as closed.

Dated: March 28, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.